Quarracy L. Smith, Esq.
Smith & Green, Attorneys at Law, P.L.L.C.
State Bar No. 033515
3101 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Phone: (602) 812-4600
Email: qsmith@smithgreenlaw.com
Fax: (602) 812-4660
*Attorney for Plaintiff Norwood*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sylvia Norwood, individually, and as personal representative of the estate of S.C., and the Estate of S.C.<br><br>Plaintiffs,<br><br>vs.<br><br>Arizona Department of Child Safety, and David McKay, individually, and in official capacity as the Head of The Arizona Department of Child Safety, The City of Goodyear, Regan McCarthy in official capacity as a Goodyear Police Officer, Does 1-50 and Does 51-100.<br><br>Defendants. | No. 2:18-cv-04956-PHX-DWL<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH<br>(42 U.S.C. § 1983; AND PENDANT TORT CLAIMS) [REDACTED]<br><br>JURY TRIAL DEMANDED |

## **NATURE OF THE ACTION**

Plaintiffs, by and through undersigned counsel, brings this claim against the above-named Defendant(s) for compensatory damages, punitive damages, injunctive relief, attorneys fees and costs under the United States Constitution, Title 42 U.S.C. §§ 1983. This case arises out of the wrongful death of seven (7) year old S.C., due to the

sustained violative policies and procedures and failure to train and supervise of the Goodyear Police Department, and the Arizona Department of Child Safety ("DCS"). This case also arises by and through the individual actions of the officers acting in their capacity as members of the Goodyear Police Department and investigating person(s) from DCS that resulted in unfettered abuse and neglect of S.C. by her biological father, Germayne Cunningham, and her step mother Lisa Cunningham. All of the aforementioned Defendants are the proximate cause of S.C.'s continued abuse and ultimately untimely and premature death.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337 and 1343. All of the allegations in this complaint were committed within the jurisdiction of the United States District Court for the District of Arizona.

2. This Court has personal jurisdiction over the Defendants because at all relevant times, the actions alleged in this Complaint occurred in Maricopa County, Arizona. The City of Goodyear is an incorporated municipality of the State of Arizona and the DCS is an agency of the State of Arizona.

## PARTIES

1. Plaintiff, Sylvia Norwood, individually, is the biological mother of the decedent, S.C., is a resident of the State of Arizona and was continuously a resident of the State of Arizona during all relevant times.

2. Plaintiff, posthumously, S.C., the decedent, was a minor dependent of the Plaintiff, Sylvia Norwood.

3. Plaintiff, The Estate of S.C., appears by and through its representative, Sylvia Norwood, and may maintain causes of action and recover damages for the value of the descendants life and decedents pain and suffering.

4. Defendant, DCS, at all times mentioned herein was and is an agency of the State of Arizona, which has a statutorily created duty to and special relationship with S.C. and the Plaintiff(s).

5. Defendant, David McKay, individually, and in his official capacity, is and at all times mentioned herein the head of the Department of Child Safety ("DCS"), acting in his official capacity, and is a resident of the State of Arizona and was continuously a resident of the State of Arizona during all relevant times.

6. Defendant(s), DOES 1-50, at all times mentioned herein were and are investigator(s)/Case Workers and/or managers employed by DCS and are resident(s) of the State of Arizona. Plaintiffs are ignorant as to the true names of the Defendants herein

referred to as DOES 1-50, and thus sue them under the aforementioned fictitious names. Plaintiffs' reserve the right to amend the complaint and will ask the court for leave to amend this complaint with the true names of these Defendants once ascertained. Plaintiffs believe and allege that DOES 1-50 are liable to the plaintiff and legally responsible for the incident, injuries, death and damages hereinafter set forth. Each of Defendants, DOES 1-50, are the proximate cause of the injuries and damages by acting under the color of state law, that subsequently violated the Plaintiffs' 14th Amendment rights. Each Defendant, DOES 1-50, are liable for his/her personal conduct and (if applicable) in their official capacities.

7. Defendant, City of Goodyear, at all times mentioned herein was and is a municipality duly incorporated, organized and existing under the laws of the State of Arizona.

8. Defendant, Regan McCarthy, at all times mentioned herein was and is a POST certified Police Officer employed by the Goodyear Police Department and is a resident of the State of Arizona.

9. Defendant(s), DOES 51-100, at all times mentioned herein were and are POST certified Police Officer(s) employed by the Goodyear Police Department and are resident(s) of the State of Arizona. Plaintiffs are ignorant as to the true names of the Defendants herein referred to as DOES 51-100, and thus sue them under the aforementioned fictitious names. Plaintiffs' reserve the right to amend the complaint and

will ask the court for leave to amend this complaint with the true names of these Defendants once ascertained. Plaintiffs believe and allege that DOES 51-100 are liable to the plaintiff and legally responsible for the incident, injuries, death and damages hereinafter set forth. Each of Defendants, DOES 51-100, are the proximate cause of the injuries and damages by acting under the color of state law, that subsequently violated the Plaintiffs' 14th amendment rights. Each Defendant, DOES 51-100, are liable for his/her personal conduct and (if applicable) in their official capacities.

10. Defendant, Goodyear Police Department is and at all times mentioned herein a municipal entity acting under the laws of the City of Goodyear and the State of Arizona.

11. Venue is proper because the factual allegations occurred in Maricopa County.

## FACTUAL ALLEGATIONS

12. On or about December 21, 2016, upon request of the Plaintiff, Goodyear Police Officers, Regan McCarthy and DOES 51-100, went to the home of Germayne, Lisa and S.C. based on reports of child neglect and abuse of S.C. Upon arriving at the home, Officer Regan McCarthy and DOES 51-100 saw S.C. in a large sweatshirt affixed to a lawn chair, with the arms tied behind the chair to keep S.C. restrained. Defendant, McCarthy only reported this to DCS. DCS allegedly opened their own investigation. No further action was taken, and the child erroneously left in the home.

13. Upon information and belief, Germayne Cunningham told Defendant, McCarthy that S.C. was fine and that he and Lisa took these measures to restrain her because she was self-harming, and this was the only way they knew to prevent it.

14. There was no evidence of advice from a licensed doctor as to proper restraint methods for a child allegedly suffering from schizophrenia at the age of seven. Based on some policy, training or lack thereof, Defendant, McCarthy and DOES 51-100 determined that this was a safe place for S.C. to continue to live. No further action was taken and the child erroneously left in the home.

15. Defendant, McCarthy and DOES 51-100 acted in their official capacity under the color of state law.

16. While performing the wellness check, Defendant, McCarthy and DOES 51-100, acting under the color of law deprived S.C. the right to life and liberty without Due Process.

17. The Defendant, McCarthy and DOES 51-100 followed an official policy within their police department to keep children in imminent danger in the homes of ill-fit parents. The City of Goodyear provided no adequate and appreciable supervision or training to prevent such depravation of rights.

18. On or about February 12, 2017 at around 5:30 a.m., S.C. was pronounced dead, in part due to sepsis from an open wound on her foot, which was noted in DCS and Goodyear Police reports.

19. A case opened on December 21, 2016 by DCS and was closed upon her death, confirming S.C.'s death was caused by abuse and neglect from Germayne and Lisa Cunningham. Defendant(s), DCS, and David McKay, thereafter, preemptively and with a guilty mind denied fault.

20. The evidence that Defendant, DCS has in support their denial of fault is that on March 4, 2016, which was the first time his department was called out, they ruled there were no signs of neglect. The next time they were called out, October 24, 2016, Defendant, DCS again ruled there was no signs of neglect. Two months later, after being notified by Goodyear Police Department, Defendant, DCS, opened a case on December 21, 2016, however, did not perform any investigation thereafter or make any attempt to determine if, in fact, S.C. was in an abusive and neglectful home per the call that necessitated the wellness check.

21. Defendant, DCS's failure to act demonstrates a well-known, department wide, systematic and clear process of denying children their 14th Amendment rights through their failure to promptly investigate, supervise, train and implement adequate policies.

22. Defendant, DCS and Defendant, DOES 1-50, documented the wellness check on December 21, 2016, opened a subsequent investigation, but failed to take any action to determine if there was abuse between December 21, 2016 and S.C.'s subsequent death on February 12, 2017.

23. On December 21, 2016, Defendant, Regan McCarthy and Does 51-100 observed S.C. constrained to a lawn chair in a laundry room. S.C. had a sweatshirt pulled over her upper torso with the arms tied around the back of the chair, restricting her movement. These conditions amount to clear and obvious signs of abuse.

24. Defendant, Regan McCarthy and Does 51-100 noted that the laundry room had a lock on the exterior part of the door. These conditions amount to clear and obvious signs of abuse.

25. Defendant, Regan McCarthy and Does 51-100 also detailed various cuts, bruises, and wounds to S.C. These conditions amount to clear and obvious signs of abuse.

26. Defendant, Regan McCarthy and Does 51-100 spoke with Germayne Cunningham, who denied any abuse.

27. Defendant, Regan McCarthy and Does 51-100 after seeing clear and obvious signs of abuse and poor living conditions, determined that was a safe place for S.C. City of Goodyear conducted no prompt additional investigation.

28. All Defendants gave Germayne Cunningham unreasonable and unwarranted benefit of the doubt and exceptions presumably because he was a Phoenix Police Detective.

29. Defendant, Regan McCarthy and Does 51-100, by leaving S.C. in the home of Germayne and Lisa Cunningham, left S.C. in a worse condition than prior to their arrival. Germayne and Lisa Cunningham were emboldened and thereby accelerated

their abuse by a failure of the Defendant's to fulfill their statutory duty and thereby caused S.C. to be placed in a worse condition.

30. Despite their previous visits, there is a litany of proof of Defendants, DCS, City of Goodyear, and David McKay's failure to properly train and supervise DOES 1-100, to recognize the warning signs of continual abuse that results in a derivation of 14th Amendment Rights and Due Process.

31. This failure of policy, failure to train and supervise proximately caused the death of S.C. given the three separate occasions that the Defendant(s), DCS, David McKay, and DOES 1-50, were called to investigate.

32. Defendant(s), DCS, David McKay are required to report fatalities or near fatalities promptly to the public through the applicable law.

33. Defendant(s), DCS and David McKay did not report the death to the public until December 12, 2017.

34. Defendant(s), DCS, City of Goodyear and David McKay's, with a guilty mind, immediately sealed all records and refused to comply with FOIA requests.

35. Defendant(s), DCS, and David McKay did not release their report of the confirmed abuse until December 12, 2017, almost a year after the investigation was opened into the Cunningham's home, and nearly 10 months after S.C. passed away.

36. Plaintiffs is further informed and believes and hereon alleges that as a matter of official policy, in an entrenched posture of deliberate indifference to the

constitutional rights of children, Defendant, DCS, has allowed youth citizens to be deprived of their life and liberty.

37. The aforementioned actions by all named defendants demonstrates practices resulting from policies of deliberate indifference and/or a failure to train and supervise.

38. Due to court records being sealed and Defendants, DCS, and City of Goodyear refusing to comply with FOIA requests, the Plaintiffs are deprived of opportunity to specifically allege additional facts in support of their claim. Accordingly, Plaintiffs reserve the right to amend to this complaint to add additional facts to support its claim.

## COUNT I
(42 U.S.C. §1983)
*Against Defendants – DCS, David McKay, and DOES 1-50*

39. Plaintiff realleges and incorporates paragraphs 1-38 as if they were fully set forth herein.

40. Defendant(s), DCS, David McKay, and DOES 1-50, engaged in clear violative policies, customs and patterns in the deprivation of individual's particular rights and Due Process under the 14th Amendment through their continued failure to adequately investigate allegations and, most egregiously, a self- admitted extremely high amount of cases left unopened, pending and uninvestigated. These omissions and unreasonably inadequate actions/determinations are a dereliction of their duties.

41. The Defendants have an affirmative duty under state law, and thereby under 14th Amendment Due Process, to reasonably and adequately receive, handle and investigate such allegations in a manner that is not violative of the Plaintiffs' constitutional rights. The Defedants have failed to do so.

42. The recurring policies, customs and procedures of the Defendants to leave substantiated abuse investigations open due to the lack of any adequate investigation, follow-up or completely uninvestigated violates the 14th Amendment and Due Process rights children and parents, for which DCS exists to protect, and they also interfere with the associated particular rights under the 14th Amendment of U.S. Constitution.

43. The acts of abuse and neglect alleged in this complaint *(and those that will be added once the complaint is amended upon receiving requested FOIA information)*, most of which have led to criminal charges against Germayne and Lisa Cunningham, were amongst those cases that were handled according to the aforementioned official policy(ies) and custom(s) and, accordingly, denied the Plaintiff Due Process under the law.

44. Defendants, David McKay and DOES 1-50, while acting under the color of state law, deprived S.C. of her life, and liberty of personal security. They also violated the Plaintiffs particular rights under the Constitution and Due Process.

11
COMPLAINT

45. The Defendants' conduct and failures to act were the foreseeable and actionable cause in fact and the proximate cause of the Plaintiffs' injury(ies) that resulted in the Constitutional deprivation.

## COUNT II
**(42 U.S.C. §1983 - Monell Claim)**
**Policy, Customs, Failure to Train and Failure to Supervise**
*Against Defendant(s) – City of Goodyear, Regan McCarthy and DOES 51-100*

46. Plaintiff(s) realleges and incorporates paragraphs 1-45 as if they were fully set forth herein.

47. The City of Goodyear, through its Police Department, employed policies, practices and customs, or affirmatively chose to have no policy regarding adequately investigating and/or determining clear and obvious signs of criminal child abuse and neglect pursuant to applicable laws, that would prevent deprivation of the Plaintiff's constitutional rights. Furthermore, the Defendant failed to adequately train and supervise its employees, namely Regan McCarthy and DOES 51-100, regarding said policy(ies).

48. The acts and/or failure(s) to act by the Defendant(s) after receiving reports of abuse and witnessing S.C. in circumstances that would constitution prima facia abuse and neglect to any reasonably trained officer, deprived the Plaintiffs and S.C. of their particular rights under the Constitution of the United States. S.C. was left in the home and ultimately died shortly thereafter.

49. The Defendant(s), City of Goodyear's applicable policies, training, supervision and customs were not adequate to prevent violations of the law and the Plaintiff(s) constitutional rights by its employees, namely, Regan McCarthy and DOES 51-100.

50. The Defendant(s), City of Goodyear's applicable customs training, supervision and polices and/or the deliberate lack thereof were deliberately indifferent to Plaintiff(s) particular rights, Due Process and was that cause of the violation of the Plaintiff(s) Constitutional rights.

51. The Defendant(s), City of Goodyear, was deliberately indifferent to the substantial risk that its policies, customs, training and supervision of its employees were inadequate to prevent violations of the law by its employees, namely, Regan McCarthy and DOES 51-100.

52. The Defendant(s) acted under the color of state law. Specifically, but not exclusively, Defendant(s), acted under the color of state law when Regan McCarthy and DOES 51-100 conducted a wellness check at the home of Germayne and Lisa Cunningham on December 21, 2016, and any all reporting, follow up police work or any and all failure(s) to do so.

53. The failures of the Defendant(s), City of Goodyear, to prevent violations of law by its employees, namely, Regan McCarthy and DOES 51-100, caused the deprivation of the Plaintiff(s)' right as provided by the 14th Amendment to the United

States Constitution. The failure(s) to prevent based on its custom(s), policy(ies) and/or the lack thereof was the moving force of that ultimately caused S.C.'s untimely wrongful death and the Plaintiff's injuries.

54. The failures of the Defendants, City of Goodyear, to train and supervise its employees, namely, Regan McCarthy and DOES 51-100, caused the deprivation of the Plaintiff(s)' rights as provided by the 14th Amendment to the United States Constitution and Due Process, was deliberately indifferent to a violation of those particular rights and was the plainly obvious consequence of those failures.

55. The Defendant, City of Goodyear's failures to train, supervise its employees, its policies and customs and/or the lack thereof, and its employees, namely, Regan McCarthy and DOES 51-100, acting in accordance with those policies or failure(s) to act because the lack of such adequate policy, training and supervision was proximate and cause in fact of S.C.'s wrongful death and the deprivation of the Plaintiff(s) particular rights and Due Process.

## COUNT III
(42 U.S.C. § 1983 Wrongful Death)
(A.R.S. 12-611)

56. Plaintiff realleges and incorporates paragraphs 1-55 as if they are set forth fully herein.

57. The Defendant's aforementioned acts were wrongful and/or negligent.

58. All named Defendant's wrongful acts and/or negligence were the cause of S.C.'s wrongful death.

## DAMAGES

59. As a result of Defendants violation of Plaintiff's Civil Rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff, Sylvia Norwood was both mentally and emotionally damaged as a result of her daughter's wrongful death, including but not limited to Plaintiff's loss of familial relationship, decedent's society, comfort, protection, companionship, love, solace and moral support.

60. Plaintiff, Estate of S.C., by and through, Sylvia Norwood, the personal representative of S.C.'s estate, is entitled to recover wrongful death damages pursuant to A.R.S. §§ 12-611 and 12-612. Additionally, Plaintiff is entitled to recover reasonable value of funeral and burial expenses pursuant to A.R.S. §§ 121-611 and 12-612.

61. Plaintiff is entitled to survivorship damages.

**WHEREFORE**, Plaintiff prays for relieve as hereinafter set forth in a judgment against the defendants as follows:

1. For special damages in a fair, just and reasonable sum in excess of the minimal jurisdictional limits of this Court;

2. For general damages in a fair, just and reasonable sum in excess of the minimum jurisdictional limits of this Court;

3. For funeral expenses costs incurred herein;

4. For appropriate injunctive relief

5. For punitive damages;

6. Reasonable attorneys' fees and costs; and

7. For such other further relief as the Court may deem just and proper.

Plaintiffs by and through undersigned counsel demand a jury trial.

**RESPECTFULLY SUBMITTED** this 28th day of March, 2019.

/S/ Quarracy L. Smith

Quarracy L. Smith
*Attorney for the Plaintiff*