**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sylvia Norwood, | No. CV-18-04956-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Child Safety, et al., | |
| Defendants. | |

On April 25, 2019, the parties jointly informed the Court that certain matters were "preventing compliance with [then-current] deadlines" for responding to the complaint and complying with initial mandatory discovery requirements. (Doc. 17 at 1-2.) The parties noted that this case arises out of the death of the Plaintiff's seven-year-old daughter, which Plaintiff alleges was due in whole or in part to Defendants' alleged unconstitutional conduct, and that the decedent child's father and step-mother were being prosecuted in Maricopa County Superior Court in the case of *State of Arizona v. Germayne L. Cunnningham*, CR2017-006221. (*Id.* at 2.) The presiding judge in that matter had sealed all criminal investigation records, so the parties averred that they were "unable to receive or release any of the records needed for the litigation" of the action pending before this Court. (*Id.*) The parties asked the Court to stay this litigation while they sought an amendment to the superior court judge's order that would permit release of the records. (*Id.* at 3.) The Court granted the request (Doc. 18) as well as two requests for extensions, such that this case was stayed until October 30, 2019 (Doc. 22).

On October 30, 2019, the parties filed a stipulation seeking further extension of the case deadlines.  (Doc. 23.)  The parties explained that the superior court judge issued an order unsealing the records, but the amount of records to be reviewed and redacted exceeded 5,000 pages.  (*Id.* at 2.)  The parties asked for 120 days (in addition to the time that had already passed—the superior court order issued on October 2, 2019) to allow sufficient time for Defendants to review and redact the records and provide them to Plaintiff.  (*Id.*)  On November 4, 2019, the Court granted the parties' stipulation and extended the deadline for Defendants to respond to the first amended complaint ("FAC") to January 28, 2020.  (Doc. 24.)

On January 28, 2020, Defendants filed motions to dismiss.  (Docs. 26, 27.)

On February 10, 2020, Plaintiff filed a motion for extension of time, explaining that the State of Arizona was still in the process of reviewing and redacting the unsealed records that had been released by the superior court judge's October 2, 2019 order and had not yet disclosed those records to Plaintiff.  (Doc. 31 at 2.)  Plaintiff noted that the "State of Arizona and the City of Goodyear, who are currently holding the requested records . . . are attempting to dismiss Plaintiff['s] claims based on information from the redacted records, which have not been reviewed by Plaintiff[]," and requested "an opportunity to review these records and acquire any necessary information that would support its case against the parties."  (*Id.*)  Plaintiff further noted that she had "requested these records via a FOIA prior to initiating litigation."  (*Id.*)

On February 12, 2020, the Court granted Plaintiff's motion for extension of time, ruling that Plaintiff "may have 45 days after Defendants disclose the unsealed documents in Case No. CR2017-006221 to file [her] response to the pending motions to dismiss."  (Doc. 32.)

Nearly two months passed.  On April 7, 2020, the Court ordered the parties to file a status report, "setting forth the date on which Plaintiffs received the unsealed documents from Defendants."  (Doc. 35.)

On April 17, 2020, the parties filed the court-ordered status report, which stated that

1    Defendants Arizona Department of Child Safety and Gregory McKay ("State Defendants")
2    served Plaintiffs with their responses to Mandatory Initial Discovery on February 27, 2020
3    and supplemented this disclosure on April 10, 2020.  (Doc. 37 at 2.)  Defendants City of
4    Goodyear and Regan McCarthy ("Goodyear Defendants") served their Responses to
5    Mandatory Initial Discovery on February 28, 2020, but they have not yet finished redacting
6    and disclosing the unsealed records.  (*Id.*)

7            This is dismaying.  To be clear, back on November 4, 2019, when the Court
8    extended the deadline for Defendants to respond to the FAC to January 28, 2020 in order
9    to allow Defendants ample time to review and redact the unsealed records, the Court
10   expected that this review-and-redact process would be completed during the 120-day
11   extension.  And then, back on February 12, 2020, when the Court ordered that Plaintiff
12   could have 45 days after Defendants disclosed the unsealed documents to file her response
13   to the pending motions to dismiss, the Court expected that the unsealed documents would
14   be promptly disclosed.

15           Therefore, it was an unhappy surprise to learn—on April 17, 2020, a full six months
16   and two weeks after the superior court judge issued the long-awaited order unsealing the
17   records necessary to litigate this case—that the Goodyear Defendants *still* had not disclosed
18   all of the records.

19           The Goodyear Defendants will complete their redactions and disclose the remainder
20   of the records by April 29, 2020.

21           Furthermore, the State Defendants and Plaintiff seem to disagree about the meaning
22   of the Court's February 12, 2020 order.  The State Defendants maintain that Plaintiff should
23   have 45 days from the date of the State Defendants' supplemental disclosures (April 10,
24   2020) to respond to the State Defendants' motion to dismiss.  (Doc. 37 at 3.)  Plaintiff
25   maintains that she should have 45 days after the date on which she finally receives all of
26   the unsealed records that have been in Defendants' possession since last October to respond
27   to both motions.  (*Id.* at 2.)

28           Plaintiff's position makes the most sense.  Rather than having two separate

deadlines for Plaintiff to respond to the two motions to dismiss, Plaintiff shall have 45 days from the new deadline for the Goodyear Defendants to complete their disclosure.

Accordingly,

**IT IS ORDERED** that the Goodyear Defendants will disclose the remainder of the records, and shall file a notice so indicating, by **April 29, 2020**.

**IT IS FURTHER ORDERED** clarifying that Plaintiff shall have 45 days from April 29, 2020—that is, until **June 15, 2020**—to respond to the two pending motions to dismiss.

Dated this 22nd day of April, 2020.

Dominic W. Lanza
United States District Judge

- 4 -